UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DEMETRIUS MOORE** ) | CASE NO. 1:19-CV-01634 |
| ) | |
| ) | |
| **Plaintiff,** ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| **TORRIS MOORE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

Before the Court is Defendant the City of East Cleveland, Ohio's 12(b)(6) Motion to Dismiss, **Doc #: 3**. For the following reasons, Defendant's Motion to Dismiss is **GRANTED** in part and **Denied** in part.

**I.     Background**

On or around February 8, 2011, Defendants Torris Moore and Antonia Malone executed a search warrant for 13505 Woodworth, Apartment #2, Cleveland, Ohio. Doc #: 1 at 3. During the search of the premises, Defendants Moore and Malone allegedly seized items and arrested Plaintiff Demetrius Moore. Doc #: 1 at 3-4. Plaintiff was indicted in the Cuyahoga County Court of Common Pleas on February 22, 2011 on one count of trafficking drugs in violation of Ohio Rev. Code Ann. § 2925.03.A(1), two counts of trafficking drugs in violation of Ohio Rev. Code Ann. § 2925.03A(2), two counts of drug possession in violation of Ohio Rev. Code Ann. § 2925.11.A, one count of having weapons while under disability in violation of Ohio Rev. Code Ann. § 2923.13.A(3), and one count of Possessing Criminal Tools in violation of Ohio Rev.

Code Ann. § 2923.24.A. Cuyahoga County Court of Common Pleas, Case No. CR-11-547165-B. On February 25, 2011, Defendant was arraigned and pleaded not guilty. Cuyahoga County Court of Common Pleas, Case No. CR-11-547165-B, nondocument order dated 2/25/2011. On August 22, 2011, Defendant pleaded guilty to two counts of trafficking drugs and one count of having weapons while under disability. Cuyahoga County Court of Common Pleas, Case No. CR-11-547165-B, nondocument order dated 8/22/2011. Defendant was sentenced to four years in prison. *Id.*

On December 13, 2016, the State of Ohio filed a motion to vacate conviction and sentence. Doc #: 3-1. In the attached brief, the State of Ohio explained that the Cuyahoga County Prosecutor was no longer confident in Plaintiff's conviction because Defendants Malone and Moore "were convicted on charges relating to police misconduct, including conspiracy and making false statements." Doc #: 3-1 at 2. On July 18, 2017, the Cuyahoga County Court of Common Pleas granted the motion to vacate conviction and sentence. Doc #: 8-1.

On July 17, 2019, Plaintiff filed a complaint in this Court seeking damages under 42 U.S.C. § 1983. Doc #: 1. Plaintiff alleges that Defendants Moore and Malone are individually liable under § 1983 because they: (1) obtained the search warrant on 13505 Woodworth, Apartment #2, Cleveland, Ohio based on false allegations; (2) executed a search warrant that they knew was not valid; (3) intended to appropriate cash by executing the search warrant; (4) seized several items, including cash, some of which they kept for themselves; (5) falsely arrested Plaintiff; and (6) knowingly made false statements to the Grand Jury that indicted Plaintiff. Doc #: 1 at 2-5.

Plaintiff alleges that Defendant the City of East Cleveland, Ohio is liable under § 1983 because it: (1) knew or should have known of the unconstitutional activities of its officers and

should have taken steps to stop the illegal conduct and (2) did not properly train its officers. Doc #: 1 at 5-6.

On October 8, 2019, Defendant the City of East Cleveland, Ohio filed a 12(b)(6) Motion to Dismiss. Doc #: 3. Plaintiff filed a Response on November 11, 2019. Doc #: 5-1. The City of East Cleveland, Ohio filed a Reply on November 27, 2019. Doc #: 7. Plaintiff filed an Addendum to his Response on December 3, 2019. [1] Doc #: 8.

II.     **Standard of Review**

A motion to dismiss for failure to state a claim is granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Little v. UNUM Provident Corp.*, 196 F. Supp. 2d 659, 662 (S.D. Ohio 2002) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *See Shoup v. Doyle*, 974 F.Supp.2d 1058, 1071 (S.D. Ohio 2013) (citing *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012). In addition to the complaint, a Court may consider "materials [that] are public records or are otherwise appropriate for the taking of judicial notice." *New Eng. Health Care Emples. Pension Fund v. Ernst & Young LLP*, 336 F.3d 495, 501 (6th Cir. 2003) (citation omitted). Facts may be judicially noticed when they are not subject to reasonable dispute because they "can be

---

[1] Defendant filed a memorandum in opposition to Plaintiff's Addendum to Response. Doc #: 9. Plaintiff's Addendum to Response merely added an exhibit which should have been attached to the Response. Doc #: 8. It did not change the arguments in any way. Defendant's memorandum in opposition does not challenge the admission of the exhibit, but rather argues the merit of the Motion to Dismiss. Accordingly, the memorandum in opposition is not in actuality a memorandum in opposition to Plaintiff's Addendum, but rather a brief on the merits. Defendant already filed a Reply brief, in which it addresses the arguments Plaintiff raises in his Response to the Motion to Dismiss. The Court therefore declines to consider Defendant's memorandum in opposition to Plaintiff's Addendum to Response.

accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed Rules Evid R. 201(b)(2).

A court may grant a motion to dismiss if, on the face of the complaint, there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *Little*, 196 F. Supp. 2d at 662 (citation omitted).

### III. Discussion

Defendant argues that Plaintiff's claims are barred by the statute of limitations. Doc #: 3 at 1. This argument implicates two questions: (A) what the applicable statute of limitations is and (B) when the statute of limitations began to run.

### A. Applicable Statute of Limitations

Defendant initially argues that a one-year statute of limitations under Ohio Rev. Code Ann. § 2305.11 applies to Plaintiff's § 1983 claim against Moore and Malone and that a two-year statute of limitations under Ohio Rev. Code Ann. § 2305.10 applies to Plaintiff's § 1983 claim against the City of East Cleveland, Ohio. Doc #: 3 at 3-4. Yet, in its reply, Defendant appears to agree with Plaintiff that the two-year statute of limitation applies to both § 1983 claims. Doc #: 7 at 2.

The Court agrees that the two-year statute of limitations under Ohio Rev. Code Ann. 2305.10 applies to all of Plaintiff's claims. The statute of limitations for a § 1983 claim is the state's general statute of limitations for personal injury claims. *Owens v. Okure*, 488 U.S. 235, 236 (1989). Ohio's general statute of limitations for personal injury is Ohio Rev. Code Ann. § 2305.10. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). Ohio Rev. Code Ann. § 2305.10 provides a statute of limitations of two years from the time the cause of action accrues. Thus, the statute of limitations for all of Plaintiff's § 1983 claims is two years.

### B. When the Statute of Limitations Started Running

A statute of limitations starts running upon the accrual of the cause of action. Ohio Rev. Code Ann. § 2305.10. The accrual date of a § 1983 action is determined by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). A claim generally accrues under federal when "the plaintiff has 'a complete and present cause of action, . . . that is, when 'the plaintiff can file suit and obtain relief.'" *Id*. The "discovery rule" used by the Sixth Circuit provides that a cause of action accrues "when plaintiff knew of or should have known of the injury which forms the basis of their claims." *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001) (citation omitted). "This inquiry focuses on the harm incurred, rather than the plaintiff's knowledge of the underlying facts which gave rise to the harm." *Id.* "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.*

An exception to these general accrual rules is set forth in *Heck v. Humphrey*, 512 U.S. 447 (1994). In *Heck*, the Supreme Court held that a § 1983 claim which would render a conviction or sentence invalid does not accrue until the conviction or sentence has been invalidated. *Id*. at 486-87. For the claim to not accrue, the claim must "necessarily imply the invalidity of [the] conviction or sentence." *Id.* at 487. The Supreme Court later clarified that *Heck*'s deferred accrual rule only applies when the claim accrues after defendant was convicted. *Wallace v. Kato*, 549 U.S. 348, 393 (2007).

Defendant asserts that Plaintiff knew of the injury on December 13, 2016, when the State of Ohio filed its Motion to Vacate Conviction and Sentence. Doc #: 3 at 4. Thus, the statute of limitations was triggered on December 13, 2016. Conversely, Plaintiff asserts that he was unable

5

to bring his § 1983 claims until the Motion to Vacate was granted on July 18, 2017.[2] Doc #: 5-1 at 3. Thus, the statute of limitations was triggered on July 18, 2017.

Both Plaintiff and Defendant fail to appreciate that there are claim-specific rules for when claims accrue. *Pethel v. Wash. County Sheriff's Office*, Case No. 2:06-cv-799, 2007 U.S. Dist. LEXIS 60105, * 22 (S.D. Ohio Aug. 16, 2007). Plaintiff's complaint makes factual allegations then summarily alleges § 1983 claims based on violations of the Fourth, Fifth, and Fourteenth Amendments. Doc #: 1. However, the complaint fails to make clear what acts of the Defendants violated the Fourth, Fifth and Fourteenth Amendment. This Court interprets Plaintiff's complaint as containing three acts on which he basis his § 1983 claims: (1) improper search and seizure of property; (2) false arrest and false imprisonment; and (3) malicious prosecution.

### 1. Improper Search and Seizure of Property

To the extent Plaintiff's § 1983 claims are based on the alleged improper search and seizure of property, the claims are barred by the statute of limitations. A claim under § 1983 for improper search and seizure accrues at the time the search and seizure takes place so long as the plaintiff is aware it is taking place. *Shakleford v. Hensley*, Case No. 12-194-GFVT, 2013 U.S. Dist. LEXIS 136183, at *10 (E.D. KY Sept. 24, 2013); *Geary v. Brantley*, Case No. 4:12CV-P33-M, 2012 U.S. Dist. LEXIS 117140, at *9 (W.D. KY Aug. 16, 2012); *see Harper v. Jackson*, 293 Fed. Appx. 389, 291 n. 1 (6th Cir. 2008).

According to Plaintiff's complaint, he was present on February 8, 2011 when the search and seizure took place. Doc #: 1 at 3. He was therefore aware or should have been aware of the injury (the search and seizure) as of February 8, 2011. Because more than two years elapsed between the date his claim accrued, February 8, 2011, and the date his complaint was filed, July

---

[2] Plaintiff's Reply alleges that the conviction was vacated on July 17, 2017. However, the Cuyahoga County Court of Common Pleas documents show that the conviction was vacated on July 18, 2017. Doc #: 8-1.

17, 2019, Plaintiff's § 1983 claim based on improper search and seizure is not timely. Thus, Plaintiff's § 1983 claims are dismissed to the extent they are based on the alleged improper search and seizure.

### 2. False Arrest & False Imprisonment

To the extent Plaintiff's § 1983 claims are based on false arrest or false imprisonment, the claims are barred by the statute of limitations. A § 1983 claim based on false arrest or false imprisonment leading from a false arrest accrues when the plaintiff becomes detained pursuant to legal process. *Wallace*, 549 U.S. at 397. A plaintiff is detained pursuant to legal process when he or she is "bound over by a magistrate or arraigned on charges." *Id.* at 390.

Plaintiff was arraigned on February 25, 2011. Cuyahoga County Court of Common Pleas Case No. CR-11-547165-B, nondocument order dated 2/25/11. Accordingly, the statute of limitations on Plaintiff's § 1983 claim based on false arrest expired on February 25, 2013. Thus, Plaintiff's § 1983 claims are dismissed to the extent they are based on Plaintiff's alleged false arrest or false imprisonment.

### 3. Malicious Prosecution

To the extent Plaintiff's § 1983 claims are based on malicious prosecution, Plaintiff's claims are timely. The statute of limitations for a malicious prosecution claim begins to run when the criminal charge is dismissed. *Fox v. DeSoto*, 489 F.3d 227, 235 (6th Cir. 2007) (citing *Wallace*, 127 S. Ct. at 1098); *Wilson v. Mammoth Video, Inc.*, Case Nos. 07-13394, 07-13395, 2009 U.S. Dist. LEXIS 23451, at *8 (E.D. MI Mar. 24, 2009). Here, Plaintiff's charges were vacated on July 18, 2017 and he filed his complaint on July 17, 2019 – within the two-year statute of limitations. Doc #: 8-1. Thus, Plaintiff's § 1983 malicious prosecution claims are timely.

## V. Conclusion

Because Plaintiff's claims based on improper search and seizure, false arrest, and false imprisonment accrued more than two years before he filed his complaint, those claims are barred by the statute of limitations. Plaintiff's claims based on malicious prosecution accrued less than two years before the complaint was field and so are not barred by the statute of limitations. Thus, Defendant's Motion to Dismiss, **Doc #: 3**, is **GRANTED** in part and **DENIED** in part.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster December 6, 2019*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT COURT**